**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN OBDULIO LOPEZ-VILLANUEVA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72029 <br><br> Agency No. A206-762-633 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before: TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Edwin Obdulio Lopez-Villanueva, a native and citizen of Honduras,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Villanueva failed to demonstrate that the harm he experienced or fears was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lopez-Villanueva's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Lopez-Villanueva failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-72029